ANDREW BRADLEY TOWBIN   \*        NO. 2026-CA-0152

VERSUS                  \*        COURT OF APPEAL

JOHN T. FULLER AND   \*        FOURTH CIRCUIT
DARREN P. LOMBARD IN HIS
OFFICIAL CAPACITY AS   \*        STATE OF LOUISIANA
CLERK OF COURT FOR
CRIMINAL DISTRICT COURT   \*
FOR THE PARISH OF
ORLEANS                  \*

                        \* \* \* \* \* \* \*

*DNA*

**ATKINS, J., DISSENTS WITH REASONS.**

I respectfully dissent from the Majority Opinion for the following reasons.

The threshold question this Court must resolve, in my opinion, is whether the five-year tax period at issue in this case spans 2020-2024 or 2021-2025. Insofar as the Majority concludes Mr. Fuller's argument that the 2020 tax year does not fall within "the previous five tax years" is not properly before the Court because he did not challenge Ms. Averett's affidavit, I disagree. Louisiana Code of Civil Procedure Article 2164 provides that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Official Revision Comment (a) (1960) to La. C.C.P. art. 2164 states that "[t]he purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." In discussing La. C.C.P. art. 2164, this Court has held, "the appellate court may consider an issue that is raised for the first time on appeal if its resolution is necessary to render a just, legal and proper judgment." *Keeping Our Legacy Alive, Inc. v. Cent. St. Matthew United Church of Christ*, 2017-1060, p. 13 (La. App. 4 Cir. 10/31/18), 318 So.3d 130, 138 (quoting *Lonzo v. Lonzo*, 17-0549, p. 9 (La. App. 4 Cir. 11/15/17), 231 So.3d 957, 964). In fact, the Louisiana Supreme Court has held that "[w]ithout doubt, an appellate court has the

1

authority to raise an issue *sua sponte* on appeal." *Wooley v. Lucksinger*, 2009-0571, p. 62 (La. 4/1/11), 61 So.3d 507, 562. Moreover, Rule 1-3 of the Uniform Rules of the Courts of Appeal states that "[t]he Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, *unless the interest of justice requires otherwise.*" (Emphasis added.) Based on the foregoing, this Court could consider whether 2020 falls within the previous five tax years regardless of whether Mr. Fuller argued this before the trial court, this Court, or neither. I believe these principles are particularly important in a matter like this one in which the trial court committed a legal error. *See Walker v. Brown*, 2024-0198, p. 4 (La. App. 4 Cir. 5/17/24), 390 So.3d 427, 430. In particular and for the reasons discussed below, I find the trial court legally erred in its interpretation of the relevant election law statutes. Thus, while the Majority is correct that Mr. Fuller did not specifically argue before the trial court that the 2020 tax year does not fall within "the previous five tax years," I find this Court can and should resolve whether it does.

Resolving the question of whether the five-year tax period spans 2020-2024 or 2021-2025 is a matter of statutory interpretation. As an appellate court, we "review[] a question of law, including the proper interpretation of a statute . . ., under the *de novo* standard of review, thereby giving no deference to the trial court's interpretation of same." *Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025-0049, p. 5 (La. App. 4 Cir. 3/11/25), 414 So.3d 778, 782 (quoting *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 2024-0401, p. 10 (La. App. 4 Cir. 1/31/25), 408 So.3d 291, 299). Additionally, as an appellate court, we are to review the "trial court's application of a statute . . . to the facts of a case . . . under the *de novo* standard of review" because this also "presents a question of law." *Id.* (citing *State v. Crowther*, 2024-0625, p. 7 (La. App. 4 Cir. 1/31/25), 408 So.3d 277, 283-84).

One of the relevant statutes in the matter *sub judice* is La. R.S. 18:463, which provides, in pertinent part:

> (2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
>
> . . . .
>
> (iv) Except for a candidate for United States senator or representative in congress, that *for each of the previous five tax years*, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

La. R.S. 18:463(A)(2)(a)(iv) (emphasis added). Similarly, La. R.S. 18:492(A)(7) provides one of the "[g]rounds for an objection to candidacy" as:

> The defendant falsely certified on his notice of candidacy that *for each of the previous five tax years* he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in [La.] R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

(Emphasis added.) Importantly, both of the above-quoted statutes—La. R.S. 18:463(A)(2)(a)(iv) and La. R.S. 18:492(A)(7)—use the language "for each of the previous five tax years."

One must read the above-quoted Louisiana Revised Statutes *in pari materia* with how Louisiana and the federal government define a tax year. As defined in La. R.S. 47:98(1), for an individual, "'Taxable year' means the calendar year . . . upon the basis of which the net income is computed under" the "Income Tax" chapter of the Revised Statutes (Title 47, Subtitle II, Chapter 1). The statute distinguishes a "taxable year" from a "fiscal year." *See* La. R.S. 47:98(2) (defining "fiscal year"). By implication, a calendar year under La. R.S. 47:98(1)—and thus a taxable year—is the standard twelve-month period running from January 1 through

3

December 31.[1] In Louisiana, state tax "[r]eturns other than corporation and partnership returns made on the basis of the calendar year shall be made and filed with the secretary at Baton Rouge, Louisiana, on or before the fifteenth day of May, following the close of the calendar year." La. R.S. 47:103(A)(3). For example, Louisiana state income tax filings for the 2025 calendar year are due on May 15, 2026. Correspondingly, the federal government distinguishes between a "calendar year" and a "fiscal year" for certain types of taxpayers, defining the former as "12 consecutive months beginning January 1 and ending December 31." "Tax Years," IRS, https://www.irs.gov/businesses/small-businesses-self-employed/tax-years (last updated Jan. 27, 2026). Like Louisiana, the federal government calculates individual income taxes based on the preceding calendar year, and the deadline for an individual to file his federal income taxes is April 15 following the close of the calendar year. "When to File," IRS, https://www.irs.gov/filing/individuals/when-to-file (last updated Jan. 20, 2026). Thus, federal state income tax filings for the 2025 calendar year are due on April 15, 2026.

In a prior election appeal decided by this Court, the focus, in part, was on whether taxes were actually due for one year in particular. Though the facts of that case differ from this one, I nonetheless find it analogous. In *Ellison v. Romero*, Leslie A. Ellison ("Ms. Ellison") objected to the candidacy of Jancarlo Jose Romero ("Mr. Romero") for candidacy for the Orleans Parish School Board, District 4. 2020-00376, p. 1 (La. App. 4. Cir. 8/11/20), 365 So.3d 1, 3. In pertinent part, Ms. Ellison contended "Mr. Romero did not file federal and state tax returns, or extensions of time for filing these returns, as required by La. R.S. 18:463A(2)(a)(iv)," such that his Notice of Candidacy "contain[ed] a false

---

[1] Merriam-Webster defines "calendar year" as "a period of time equal in length to that of the year in the calendar conventionally in use." The calendar conventionally used in the United States, including the state of Louisiana, runs from January 1 through December 31.

certification that his tax returns were filed timely." *Id.* Mr. Romero signed his Notice of Candidacy on July 24, 2020, and "[t]here [was] no dispute that Mr. Romero did not file a tax return with the state of Louisiana in 2017." *Id.* at p. 5, 365 So.3d at 4. This Court considered whether "Mr. Romero was required to file a tax return in Louisiana for 2017, such that his certification under La. R.S. 18:463[(]A[)](2)(a)(iv) was false.'" *Id.* at p. 6, 365 So.3d at 5. Ultimately, this Court held that Mr. Romero was not required to file a tax return for 2017 because "there [was] no evidence in the record that he resided in Louisiana in 2017 or earned any income in Louisiana for which a tax return was required," such that his "certification [did] not falsely certify that he filed the required tax returns." *Id.* at pp. 6-7, 365 So.3d at 5. Having determined that Mr. Romero was not required to file a Louisiana tax return for 2017, this Court did not inquire as to whether he had filed his tax returns for the previous five tax years that *were actually due*, e.g., by reaching back further in time to another year in which Mr. Romero was required to file. If this Court had done so, the Court would have been reading language into the statute that it simply does not contain. That is, to do so would require La. R.S. 18:463(A)(2)(a)(iv) to state that the Notice of Candidacy must certify "that for each of the previous five tax years *that were previously due*, [the candidate] has filed his federal and state income tax returns" (emphasized language added). Instead, this Court considered only the five preceding tax years and, within that time period, whether Mr. Romero filed for the years he had to do so based on the attendant circumstances. *See also Ellison v. Whitten*, 2020-0377, p. 5 (La. App. 4 Cir. 8/11/20), 365 So.3d 107, 110.

Because Louisiana and the federal government define a tax year as the calendar year and the Louisiana election statutes focus on the "previous five tax years," this necessarily means that come January 1 of a new calendar year, the Louisiana election statutes are concerned with the five prior calendar years. In this

case, in reverse chronological order, that would be 2025, 2024, 2023, 2022, and 2021. By logical extension, this means that a candidate qualifying for office before the federal and state tax filing deadlines certifies that has filed for the five prior calendar years or that his return is not yet due for the immediately preceding calendar year. This is exactly the situation applicable to Mr. Fuller. Because the record establishes that Mr. Fuller filed his returns for 2021-2024 and the record does not establish whether Mr. Fuller has filed his 2025 returns already, he did not falsely certify his Notice of Candidacy.

I recognize that this interpretation essentially results in a "loophole" of sorts whereby a candidate qualifying in the first quarter of a calendar year (i.e., prior to the federal and state tax filing deadlines) need only establish that he filed his tax returns for four of the five preceding tax years because the fifth tax year is not yet due, whereas a candidate qualifying after the tax filing deadlines in that same year must prove that he filed his tax returns for all five preceding tax years. One naturally wonders whether this was the intent of the Legislature: most elections in this state are regularly scheduled and occur later in the calendar year when this issue would not arise because the qualification deadline for those elections is after the tax filing deadlines. This election, however, is a special election to fill a vacant seat.

Nonetheless, I find this position buoyed by the principles of statutory interpretation that bind this Court. As this Court has explained, "The legislature is presumed to mean what it plainly says in the text of a statute. . . 'Courts *must* presume that a legislature says in a statute what it means and means in a statute what it says there.'" *State in Interest of K.B.*, 2023-0409, p. 15 (La. App. 4 Cir. 9/26/23), 372 So.3d 864, 876 (emphasis added) (quoting *State in Interest of A.S.*, 2017-0028, p. 4 (La. App. 4 Cir. 5/10/17), 220 So.3d 179, 183). Further, while interpreting a statute, a court must "presume[] the Legislature's actions in crafting

6

a law were knowing and intentional . . . ." *Crowther*, 2024-0625, p. 8, 408 So.3d at 284 (alteration in original) (quoting *Richards Clearview City Ctr., LLC v. Starr Surplus Lines Ins. Co.*, 2024-104, p. 7 (La. App. 5 Cir. 6/5/24), 391 So.3d 101, 107). To look at the years 2020-2024 instead of 2021-2025 in this case, as the Majority does, is to read La. R.S. 18:463(A)(2)(a)(iv) as stating that the Notice of Candidacy must certify "that for each of the previous five tax years *that were previously due*, [the candidate] has filed his federal and state income tax returns" (emphasized language added). Because the Legislature did not include the words "previously due" (or like verbiage) in La. R.S. 18:463(A)(2)(a)(iv) and La. R.S. 18:492(A)(7), this Court should not read such words into those statutes. Doing so violates statutory interpretation principles. The Legislature included the phrase "previous five tax years," and elsewhere defined "taxable year" as "the calendar year," so it is axiomatic that we are to look at the "previous five calendar years." La. R.S. 47:98(1). The judicial branch's job is to interpret and apply the laws written by the Legislature, not rewrite them. If the Legislature had intended for us to look only at the previously due tax returns, the legislators would have phrased the statutes differently. In fact, as Mr. Fuller observes, in La. R.S. 18:463(A)(2)(a)(vi), the Legislature did specify that it is only concerned with a candidate for "a major or district office" certifying that he "has filed each report he has been required to file by the Campaign Finance Disclosure Act, *if any were previously due*." The Legislature could have chosen to include similar language regarding the candidate's tax returns but chose not to do so.

I find further support for this outcome under the facts and circumstances of this case in some of the general principles enunciated in candidacy challenge jurisprudence. Specifically, the Louisiana Supreme Court ("Supreme Court") has instructed that "election laws must be interpreted to give the electorate the widest possible choice of candidates." *Landiak v. Richmond*, 2005-0758, p. 6 (La.

7

3/24/05), 899 So.2d 535, 541 (citations omitted). This is because both "[t]he interests of the state and its citizens are best served" if courts "interpret[] [election laws] so as to give the electorate the widest possible choice of candidates." *Schindler v. Russ*, 2022-0533, pp. 13-14 (La. App. 4 Cir. 8/8/22), 346 So.3d 309, 318 (quoting *Ellsworth-Fletcher v. Boyd-Robertson*, 2021-0455, p. 5 (La. App. 4 Cir. 8/2/21), 366 So.3d 105, 108). Moreover, as a democratic society, "[t]here is nothing more fundamental . . . than the ability of our electorate to choose its leaders." *Id.* at p. 13, 346 So.3d at 318 (quoting *Becker v. Dean*, 2003-2493, p. 6 (La. 9/18/03), 854 So.2d 864, 869). Accordingly, "a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections so as to promote rather than defeat candidacy." *Landiak*, 2005-0758, p. 7, 899 So.2d at 541 (internal quotation marks omitted) (citations omitted). If there exists "[a]ny doubt concerning the qualifications of a candidate," the reviewing court should resolve it "in favor of allowing the candidate to run for public office." *Id.* (citations omitted). At a minimum, this case establishes ambiguity as to what the phrase "each of the previous five tax years" means in La. R.S. 18:463(A)(2)(a)(iv) and La. R.S. 18:492(A)(7) as evidenced by the parties' arguments. Because there is doubt about whether Mr. Fuller had to certify that he filed his tax returns for 2020-2024 versus 2021-2025, we should resolve this matter in favor of allowing Mr. Fuller to run by looking at the tax years 2021-2025 per the Supreme Court's language in *Landiak*.

I find it important to note that, based on the record before this Court, I agree with the Majority's position that Mr. Fuller failed to prove that he filed his taxes for 2020 after Mr. Towbin established his prima facie case. However, unlike the majority, I find Mr. Fuller did not have to prove he filed his 2020 taxes. That is, my resolution of this matter, as delineated above, focuses instead on the 2021-2025 tax years. For the years 2021-2024, no one debates that Mr. Fuller filed his tax

8

returns. For the year 2025, Mr. Fuller was not yet required to file his federal and state tax returns prior to executing his Notice of Candidacy on February 13, 2026. Therefore, Mr. Fuller did not falsify his Notice of Candidacy.

Further, I note that my Dissent today in no way constitutes my belief that a candidate qualifying in the first quarter of this calendar year should get a "pass" (so to speak) in that he only has to have filed four of his five preceding tax returns to avoid disqualification, while a candidate qualifying later in this calendar year has to have filed five of his five preceding tax returns. Instead, I have reached this conclusion and feel compelled to do so because the law—as written—calls for same. Unless and until the Supreme Court instructs otherwise regarding the interpretation of La. R.S. 18:463(A)(2)(a)(iv) and La. R.S. 18:492(A)(7) and/or the Louisiana Legislature amends those statutes, I find my above analysis to be the proper outcome.

For the foregoing reasons, I respectfully dissent from the Majority and would reverse the trial court's February 25, 2026 judgment.

9